United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 02-50917
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFRAIN OLIVAS, LINDA OLIVAS,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Texas
(MO-02-CR-1-1)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Efrain and Linda Olivas, husband and wife, appeal their convictions on two counts of knowingly receiving fraudulent Alien Registration Receipt cards, and aiding and abetting, in violation of 18 U.S.C. §§ 1546(a) and 2.

The Olivases claim the evidence was constitutionally insufficient to support their convictions. They rely solely on testimony by Border Patrol Agent Pena. According to the Olivases, Agent Pena testified that they did not know the documents they had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received were fraudulent. On this basis, the Olivases contend the evidence was insufficient to show they received the documents "knowing [them] to be forged", as required by §1546(a).

The well known standard for reviewing an insufficient evidence claim is whether a "rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt". *United States v. El-Zoubi*, 993 F.2d 442, 445 (5th Cir. 1993); *e.g., Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "Direct and circumstantial evidence are given equal weight, and the evidence need not exclude every reasonable hypothesis of innocence." *United States v. Dien Duc Huynh*, 246 F.3d 734, 742 (5th Cir. 2001) (citation and internal quotation marks omitted). When, as here, knowledge and intent are elements, they may be inferred from circumstantial evidence. *See, e.g., United States v. Payne*, 99 F.3d 1273, 1279 (5th Cir. 1996).

The Olivases' reliance on the testimony of Agent Pena is misplaced. The Agent testified with regard to fraudulent immigration documents on file at G & O Fence Company, where Efrain and Linda Olivas worked. He stated: "*In reviewing the paperwork,* ... there's nothing to indicate that [the Olivases] had any knowledge" that it was fraudulent. (Emphasis added.) In the context of the evidence as a whole, this was only an admission that Agent Pena could not determine from the fraudulent documents alone

2

that the Olivases knew they were fraudulent.  The testimony had no bearing on whether *other* evidence established such knowledge.

There was sufficient evidence to establish knowledge on the part of the Olivases.  For example, Domingo Pallares testified that, when he told Efrain Olivas that he did not have a social security number, Efrain told him that it did not matter.  Pallares then brought in a card bearing a name completely different from his own — Arkadio Roman.  Linda Olivas later returned it to Pallares, and Pallares was thereafter paid under the name Arkadio Roman. Moreover, the Olivases had previously paid him under another name — Jose Calderon.

*AFFIRMED*